UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN PETER DINGUS, JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHELLY AJAX,<br><br>　　　　　Defendant. | NO: 4:21-CV-5097-TOR<br><br>ORDER OF DISMISSAL |

On June 28, 2021, the Court received Plaintiff's allegations against his court-appointed attorney on an AO 91 (Rev. 11/11) Criminal Complaint form. ECF No. 1. The Clerk of Court construed the document as a Civil Rights Complaint by a prisoner. Plaintiff did not pay the $402 filing fee (including a $52 administrative fee) to commence this action and he did not seek leave to proceed *in forma pauperis*.

By letter dated June 29, 2021, the Clerk of Court advised Plaintiff that he needed to complete and file a Declaration and Application to Proceed *in forma pauperis* and supplied him with the form. ECF No. 2. The Clerk of Court advised Plaintiff that he also needed to provide a statement of his inmate account for the six-

ORDER OF DISMISSAL ~ 1

month period immediately preceding the submission of his complaint. *Id.* Plaintiff did not comply with these directives and has filed nothing further in this action.

Mr. Dingus clearly seeks criminal charges against his Court appointed attorney. However, Plaintiff cannot initiate criminal charges for violating his civil rights and due process, only the government may prosecute crimes. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Criminal actions in district court must be brought by the United States Attorney. 28 U.S.C. § 547(1); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").

Moreover, even liberally construing Mr. Dingus' claims, he fails to plead a valid civil claim. Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he or she does not act under color of state law. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981), *holding limited on other grounds by West v. Atkins,* 487 U.S. 42 (1988); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*) (even assuming a public defender who subpoenaed no witnesses and mounted no defense provided deficient representation, he was acting in the traditional lawyer role and would not be considered a state actor). Therefore, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against his lawyer Shelly Ajax.

ORDER OF DISMISSAL ~ 2

Defendant's remedy lies with the Court that currently has jurisdiction over his prosecution. Accordingly, this action must be dismissed.

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's construed Complaint. Therefore, the Court dismisses Plaintiff's Criminal Complaint with prejudice.

This Court lacks subject matter jurisdiction to proceed. The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**ACCORDINGLY, IT IS ORDERED:**

1. The Criminal Complaint filed at ECF No. 1 is **DISMISSED** with prejudice. This case is dismissed for lack of payment of the filing fee, lack of application for *in forma pauperis* status, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** July 28, 2021.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 4